BRADDOCK v. LOUCHHEIM et al.

(Circuit Court, E. D. Pennsylvania.   May 23, 1898.)

No. 89.

PROOF OF FRAUD IN COURTS OF EQUITY—SUFFICIENCY OF EVIDENCE.

Where plaintiff's evidence, and the circumstances upon which he relies, produce only a vague misgiving as to the good faith of defendants in the transaction complained of, which misgiving the testimony on their behalf is sufficient to dispel, the evidence is insufficient to sustain a charge of fraud, even in a court of equity.

This was a bill filed by Isaac A. Braddock against Henry S., Samuel K., and Joseph Louchheim, to set aside transfers of property, and for injunction and an accounting.   On final hearing.

H. A. Drake, for complainant.

N. Dubois Miller, for respondents.

DALLAS, Circuit Judge.   If this bill had been demurred to for multifariousness, it would, I think, have been difficult to sustain it. With the matters to which it mainly relates, one of the defendants is not in any manner connected, and with the single subject which does affect him at least one of the other defendants is not at all concerned.   But as the case has now been heard upon pleadings and proofs, I will dispose of it on the merits, without reference to this defect in the bill, or to the objection for prolixity, to which, under rule 26, it appears to be subject.

There can be no decree against Joseph Louchheim.   None could be made effective, except by injunction to stay proceedings in a state court, and such an injunction cannot be issued.   Rev. St. U. S. § 720. The note held by Joseph Louchheim, which it is asked that he shall be required to deliver up for cancellation, has been sued upon in a court of New Jersey; and in plaintiff's brief it is said, "If complainant is to pay this note [and this court has difficulty in restraining a suit in a state court], the amount of this note ought to be charged to [Henry S.] Louchheim."   This seems to admit that the prayer of the bill is, substantially, for an injunction which congress has inhibited. The fraudulent schemes, devices, and acts charged against Henry S. Louchheim and Samuel K. Louchheim, by means whereof, as is alleged, the latter acquired and holds the legal title to certain property, real and personal, in fraud of the plaintiff, have not been proved.   In arriving at this conclusion, I have not been unmindful of the rule that in courts of equity express and positive proof of fraud is not required.   Fraud may be deduced from collateral facts, and can seldom be shown by direct evidence.   But it is not to be presumed upon circumstances of mere suspicion, leading to no certain result; and in this case the evidence of the plaintiff, and the circumstances upon which he relies, produce, at the utmost, but a vague misgiving as to the good faith of the defendants in the transactions complained of, and this misgiving the testimony on their behalf, when fairly considered, is amply sufficient to dispel.   It could serve no useful purpose to discuss the proofs in detail.   They are

quite voluminous, intricate, and involved. An exhaustive review of them is not practicable, and no partial analysis of them would be satisfactory. It is not necessary to determine whether or not a technical partnership was created, as is alleged in the bill, between Henry S. Louchheim and the plaintiff. It is sufficient to say that out of their dealings with respect to the property in question there arose a liability on the part of Henry S. Louchheim to account. This he has conceded by annexing an account to his answer, which, however, the plaintiff insists is not correct, and to which, in the course of his examination as a witness, he has indicated—at least to some extent—his objections. This he did not do with certainty or precision, but it was not then requisite that he should. The account is for settlement after, and not before, decree; and a reference to a master to take and state an account will, if desired, be made; but it will, of course, be understood that the proceedings in the master's office are not to be so extended as to reopen any of the questions now decided.

As to the defendants Joseph Louchheim and Samuel K. Louchheim, the bill is dismissed, with costs. As to the defendant Henry S. Louchheim, the bill is retained for the purpose only of directing an accounting, and an order of reference to that end will be made, if applied for; but, in default of such application within 10 days, the bill will, on motion, be dismissed as to Henry S. Louchheim also.